UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Lee Cardello-Smith,

                Petitioner,        Case No. 25-cv-12569

v.                                      Judith E. Levy
                                           United States District Judge
Probable Cause Conference
Directors, et. al.,                     Mag. Judge Curtis Ivy, Jr.

                Respondents.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

Derrick Lee Cardello-Smith, ("Petitioner"), confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus, on behalf of himself and 24,000 other Michigan inmates, claiming that he and these other inmates were denied a probable cause conference in their state criminal cases. Petitioner seeks to represent these other inmates as their "next friend." For the reasons set forth below, the petition is summarily denied.

### I. Background

Cardello-Smith is serving multiple sentences imposed in separate criminal cases in the Wayne County Circuit Court. The Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), which the Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), indicates that Cardello-Smith was convicted of two counts of third-degree criminal sexual conduct in the Wayne County Circuit Court in 1998. Cardello-Smith was later convicted in the Wayne County Circuit Court in 2008 of six counts of first-degree criminal sexual conduct and two counts of kidnapping. In 2019, Cardello-Smith was convicted of four counts of first-degree criminal sexual conduct.[1]

Cardello-Smith has been denied habeas relief on his 1998 convictions on the merits. *Smith v. White*, 2:06-cv-306 (W.D. Mich. Aug. 28, 2007) (Adopting Report and Recommendation of Magistrate Judge). Cardello-Smith was subsequently denied permission by the United States Court of Appeals for the Sixth Circuit to file a second habeas

---

[1] See OTIS, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267009 [https://perma.cc/W499-SZS7].

petition to challenge this conviction. *In Re Smith,* No. 13-2477 (6th Cir. June 6, 2014).

Cardello-Smith was denied habeas relief on the 2008 convictions on the merits. *Smith v. Bauman,* 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016), *appeal dismissed*, No. 16-1545, 2017 WL 5135543 (6th Cir. Jan. 31, 2017). Cardello-Smith has since been denied permission four times by the Sixth Circuit to file a successive petition to challenge this conviction. *See In Re Smith*, No. 24-1796 (6th Cir. Feb. 6, 2025); *In Re Smith*, No. 23-1375 (6th Cir. Aug. 17, 2023); *In re Smith*, No. 19-1719 (6th Cir. Nov. 7, 2019), *In Re Smith,* No. 16-2259 (6th Cir. Aug. 25, 2017).

Cardello-Smith was also denied habeas relief on the merits on his 2019 convictions. *Smith v. Burt,* No. 1:19-cv-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020), *appeal dismissed*, No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020). He has since been denied permission by the Sixth Circuit to file a successive petition with respect to his 2019 conviction. *In Re Smith,* No. 21-2971 (6th Cir. Mar. 2, 2022).

As the Court has previously noted, Cardello-Smith has also filed an extensive list of frivolous civil rights lawsuits. Plaintiff "has had at least seven civil rights complaints dismissed for being frivolous or malicious or

3

for failing to state a claim." *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167, at *6 (E.D. Mich. Jan. 22, 2025) (quoting *Cardello-Smith v. Combs*, No. 24-cv-12737, 2024 WL 4819571, at *1 (E.D. Mich. Nov. 18, 2024)). At least one court has found that Cardello-Smith "appears to have fabricated evidence." *Id.* (quoting *Smith v. Burk*, 19-cv-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sep. 22, 2022)). Cardello-Smith's "litigation record includes many cases that courts have deemed meritless or duplicative." *Id.* (collecting cases).

Because of Cardello-Smith's extensive history of vexatious and frivolous litigation and his failure to heed the Court's warnings to cease this conduct, this Court enjoined him from filing any additional cases or documents in the Court unless leave was granted to do so. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *7–12 (E.D. Mich. June 30, 2025). The Court issued the following order:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
> 1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including

4

a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."

2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:

> a. A copy of the document he proposes to file;
>
> b. A copy of this Order;
>
> c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;
>
> d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;
>
> e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

> Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:
>
> > 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.
> >
> > 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Cardello-Smith v. Combs*, 2025 WL 1951722, at *11–12.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the face of the petition and any attached exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district

court has a duty to "screen out" petitions that lack merit on their face); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

The petition for writ of habeas corpus must be dismissed for two reasons.

First, Cardello-Smith lacks standing to file a habeas petition on behalf of these other inmates, because he failed to demonstrate that it is necessary for him to represent these other inmates in federal court. An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental

incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id*. Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and they "must have some significant relationship with the real party in interest." *Id*. at 163–64. Restrictions have been imposed upon whom may act as a "next friend" because "it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164 (citation modified). Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his or her status as next friend to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

Cardello-Smith is not entitled to maintain a "next friend" action on behalf of other inmates, because he failed to allege or present evidence that these other inmates are incompetent or incapable of bringing a habeas petition on their own behalf, nor has Cardello-Smith alleged or presented evidence that he is truly dedicated to these other inmates'

8

interests or significantly related to them. *See Tate v. United States,* 72 F. App'x 265, 267 (6th Cir. 2003).

Second, as set forth above, Cardello-Smith has been enjoined by this Court from filing any additional lawsuits or other filings in the United States District Court for the Eastern District of Michigan unless he files a motion for leave to file a complaint, a sworn affidavit or written declaration that the new action is not frivolous, and the other documentation required by the Court's order. *Cardello-Smith v. Combs*, 2025 WL 1951722, at *11–12.

Cardello-Smith failed to file the requisite documentation or obtain the permission required to proceed with this case. Cardello-Smith is enjoined from filing this petition for writ of habeas corpus and the petition is dismissed. *See, e.g., Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) (collecting cases); *See also In re Holbrook*, No. 2:21-CV-11487, 2021 WL 4053184, at * 2 (E.D. Mich. Aug. 5, 2021).

### III. Conclusion

Accordingly, for the reasons set forth above, the petition for writ of habeas corpus, (ECF No. 1), is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: August 27, 2025<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
